UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEASEPOINT FUNDING GROUP, LLC

    Plaintiff,

Case No. 8:20-CV-2038TGW

v.

OSTEOPOROSIS & RHEUMATOLOGY CENTER OF TAMPA BAY, LLC, JEFFREY MILLER, MD PA, AND JEFFREY MILLER,

    Defendants.
_____/

OSTEOPOROSIS & RHEUMATOLOGY CENTER OF TAMPA BAY, LLC, JEFFREY MILLER, MD PA, AND JEFFREY MILLER

    Third Party Plaintiff

v.

CYNOSURE, INC., a Delaware Corporation,
HOLOGIC, INC., a Delaware Corporation, MARISSA HILL, and

    Third Party Defendants
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND THIRD PARTY COMPLAINT

    Defendants, OSTEOPOROSIS & RHEUMATOLOGY CENTER OF TAMPA BAY, LLC, JEFFREY MILLER, MD PA, AND JEFFREY MILLER (hereinafter "Defendants"), by and through the undersigned counsel, and hereby files this Answer and Affirmative Defenses to Plaintiff's Complaint and states, as follows:

1

## PARTIES

1. Without knowledge and therefore Denied.
2. Without knowledge and therefore Denied.
3. Admitted.
4. Admitted.
5. Admitted.

## JURISDICTION AND VENUE

6. Admitted.
7. Admitted.

## BACKGROUND

### I. EQUIPMENT FINANCE AGREEMENT NO.XXXX194

8. Denied as stated.
9. Denied as stated.
10. Denied as stated.
11. Admitted to the extent the agreement speaks for itself; otherwise Denied.
12. Admitted to the extent the document speaks for itself; otherwise Denied.
13. Admitted to the extent the document speaks for itself; otherwise Denied.
14. Admitted to the extent the document speaks for itself; otherwise Denied.
15. Denied as stated.
16. Admitted to the extent the document speaks for itself; otherwise Denied.
17. Denied as stated.
18. Denied as stated.
19. Admitted as to non-payment, Denied otherwise.
20. Admitted as to non-payment, Denied otherwise.
21. Admitted as to non-payment, Denied otherwise.
22. Denied as stated. Moreover Denied as material representations were made which contravene the default.
23. Without knowledge and therefore Denied.
24. Admitted to the extent the document speaks for itself; otherwise Denied.

25. Admitted to the extent the document speaks for itself; otherwise Denied; to the extent that Attorney's fees are provided in the agreement, same is a reciprocal obligation pursuant to Fla. Stat. 57.105(7).

26. Denied as stated. Moreover, Denied as no demand is attached to the Complaint.

27. Without knowledge and therefore Denied.

28. Denied as stated based on representations by third parties.

## II. Equipment Finance Agreement No. xxxx195

29. Denied as stated.

30. Denied as stated.

31. Denied as stated.

32. Admitted to the extent the agreement speaks for itself; otherwise Denied.

33. Admitted to the extent the agreement speaks for itself; otherwise Denied.

34. Admitted to the extent the agreement speaks for itself; otherwise Denied.

35. Admitted to the extent the agreement speaks for itself; otherwise Denied.

36. Admitted to the extent the agreement speaks for itself; otherwise Denied.

37. Admitted to the extent the agreement speaks for itself; otherwise Denied.

38. Denied as stated.

39. Admitted to the extent the agreement speaks for itself; otherwise Denied.

40. Admitted as to non-payment, Denied otherwise.

41. Admitted as to non-payment, Denied otherwise.

42. Admitted as to non-payment, Denied otherwise.

43. Denied as stated. Moreover Denied as material representations were made which contravene the default.

44. Without knowledge and therefore Denied.

45. Without knowledge and therefore Denied.

46. Admitted to the extent the document speaks for itself; otherwise Denied; to the extent that Attorney's fees are provided in the agreement, same is a reciprocal obligation pursuant to Fla. Stat. 57.105(7).

47. Denied as stated. Moreover, Denied as no demand is attached to the Complaint.

48. Denied as stated. Moreover, Denied as no demand is attached to the Complaint.

49. Denied as stated based on representations by third parties.

## COUNT I - BREACH OF CONTRACT AGAINST OSTEOPOROSIS & RHEUMATOLOGY CENTER OF TAMPA BAY, LLC

50. Defendant realleges his responses in paragraphs 1 – 49; otherwise Denied.

51. Denied as stated. Defendants default was caused by material breaches of contracting parties to this transaction.

52. Denied as stated.

53. Denied as stated. Defendants default was caused by material breaches of contracting parties to this transaction.

54. Denied as stated. Defendants default was caused by material breaches of contracting parties to this transaction.

Plaintiff's unnumbered ad damnum is Denied;

WHEREFORE, Defendants request judgment in their favor, that they shall go forth without day and that Plaintiff shall take nothing from this action, that the lis pendens be dissolved, for their attorney's fees and costs pursuant to the Note and Agreement and statute, and for any and all other relief this court deems just.

## COUNT II - BREACH OF GUARANTY AGAINST JEFFREY MILLER, MD, PA

55. Defendant realleges his responses in paragraphs 1 – 49; otherwise Denied.

56. Denied as stated. Defendants default was caused by material breaches of contracting parties to this transaction.

57. Denied as stated. Defendants default was caused by material breaches of contracting parties to this transaction.

58. Denied as stated. Defendants default was caused by material breaches of contracting parties to this transaction.

59. Denied as stated. Defendants default was caused by material breaches of contracting parties to this transaction.

Plaintiff's unnumbered ad damnum is Denied;

WHEREFORE, Defendants request judgment in their favor, that they shall go forth

without day and that Plaintiff shall take nothing from this action, that the lis pendens be dissolved, for their attorney's fees and costs pursuant to the Note and Agreement and statute, and for any and all other relief this court deems just.

### COUNT III - BREACH OF GUARANTY AGAINST JEFFREY MILLER

60. Defendant realleges his responses in paragraphs 1 – 49; otherwise Denied.

61. Denied as stated. Defendants default was caused by material breaches of contracting parties to this transaction.

62. Denied as stated. Defendants default was caused by material breaches of contracting parties to this transaction.

63. Denied as stated. Defendants default was caused by material breaches of contracting parties to this transaction.

64. Denied as stated. Defendants default was caused by material breaches of contracting parties to this transaction.

Plaintiff's unnumbered ad damnum is Denied;

WHEREFORE, Defendants request judgment in their favor, that they shall go forth without day and that Plaintiff shall take nothing from this action, that the lis pendens be dissolved, for their attorney's fees and costs pursuant to the Note and Agreement and statute, and for any and all other relief this court deems just.

### COUNT IV - REPLEVIN AGAINST OSTEOPOROSIS & RHEUMATOLOGY CENTER OF TAMPA BAY, LLC UNDER FLA. STAT. 78.01

65. Defendant realleges his responses in paragraphs 1 – 49; otherwise Denied.

66. Denied as stated.

67. Denied as stated. Moreover, this is a legally insufficient allegation.

68. Denied as stated. Moreover, this is a legally insufficient allegation.

69. Denied as stated.

70. Denied as stated.

71. Denied as stated.

72. Denied as stated. Defendants have made it clear they they would make payments had Plaintiff, or its agents, lived up to its end of the bargain.

73. Denied as stated.

74. Admitted.

75. Without knowledge and therefore Denied.

76. Denied as stated.

77. Without knowledge and therefore Denied.

Plaintiff's unnumbered wherefore clause is DENIED.

WHEREFORE, Defendant requests judgment in their favor, that they shall go forth without day and that Plaintiff shall take noting from this action, for their attorney's fees and costs pursuant to the Agreement, and for any and all other relief this court deems just.

## AFFIRMATIVE DEFENSES

Defendants, by and through the undersigned, hereby asserts the following affirmative defenses as a complete avoidance of Plaintiff's claim, or to seek a complete or partial set-off from judgment entered in the above-styled cause, and states as follows:

1. *First Breach.* The Plaintiff, or its agents as third party defendants herein, first breached the agreement by failing to enumerate the terms of same and also for failure to provide the number of referrals and training promised during negotiations.

2. *Set off.* Subject to further discovery, any damages herein should be setoff by damages caused by the Plaintiff, its agents, or third parties, including the funding of the purchase without a proper contract or approvals which were negotiated and agreed upon by the parties. This would include third-party liability to the extent referenced herein.

3. *Failure of a Condition Precedent.* Plaintiff has failed to follow statutory conditions precedent under *Fla. Stat. 679.607(1)(a)*, *Fla. Stat. 679.611(2)*, and *Fla Stat. 679.623*.

4. *Impossibility.* Defendants entered into the written agreement in furtherance with Third-Party Defendant, CYNOSURE, and negotiations between those parties. Plaintiff herein was brought into these negotiations as an inducement by which the Defendants could defer payment as training and referrals were provided to the Defendants such that a profit could be derived from the collateral in question. Despite material representations by the Third-Party Defendants. Specifically, the impossibility herein was not foreseeable as at the time of the signing the agreements due, in large part, to the unforseeability of the COVID-19 Pandemic.

Moreover, the representations made to the Defendants were of nature that were material to the agreement between the Plaintiff and the Defendant, herein. *See generally Am. Aviation, Inc. v. Aero-Flight Serv., Inc.*, 712 So. 2d 809, 810 (Fla. 4th DCA 1998).

5. *Fraud in the Inducement*. At the time of the execution of agreements contained herein, the Plaintiff, or its agents, made a false statement concerning material facts at issue in this litigation. Specifically, the Plaintiff was employed by third-party defendants, after they had agreed to provide referrals to the Defendants and provided training to the Defendants for the use of the machines. The representor - either the Plaintiff or its agents - had clear knowledge that these representations were false. The intent of these misrepresentations was clear - to force the Defendants into executing the agreements such that significant profits could be made. To that end, the Defendants have all been damaged in the amount of the pre-contract buy in.

6. *Failure to State Cause of Action*. The Plaintiff's causes of action fails to state a cognizable cause of action as plead under Fed. R. Civ. P. 12(b)(6) and Fla. Stat. 78.01, et. seq.

## RESERVATION OF RIGHT TO SEEK ATTORNEY'S FEES

The Agreements that are the subject of the above-styled cause indicate that the Plaintiff may seek Attorneys' Fees accrued in the enforcement of the Agreements against Defendants. Florida courts have held that this is a reciprocal obligation. *See Landry v. Countrywide Home Loans, Inc.*, 731 So.2d 137 (Fla. Dist. Ct. App. 1999); *See also Fla. Stat. § 57.105(7)*. Pursuant to this obligation, undersigned reserves the right to seek attorneys' fees if Defendants are the prevailing party in this litigation.

## REQUEST FOR JURY TRIAL

Given that the parties have waived venue and choice of law in the agreement, it is assumed that the Plaintiff has waived the jury trial waiver contained thereto. In the event this is true, Defendants request a jury trial on all issues so triable.

**DEFENDANT RESERVES THE RIGHT TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES THAT MAY ARISE DURING DISCOVERY PROCEEDINGS.**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEASEPOINT FUNDING GROUP, LLC

    Plaintiff,

Case No. 8:20-CV-2038TGW

v.

OSTEOPOROSIS & RHEUMATOLOGY
CENTER OF TAMPA BAY, LLC, JEFFREY
MILLER, MD PA, AND JEFFREY MILLER,

    Defendants.
_____/

OSTEOPOROSIS & RHEUMATOLOGY
CENTER OF TAMPA BAY, LLC, JEFFREY
MILLER, MD PA, AND JEFFREY MILLER

    Third Party Plaintiff

v.

CYNOSURE, INC., a Delaware Corporation,
HOLOGIC, INC., a Delaware Corporation, and MARISSA HILL.

    Third Party Defendants
_____/

**THIRD-PARTY COMPLAINT**

Third-Party Plaintiffs, OSTEOPOROSIS & RHEUMATOLOGY CENTER OF TAMPA BAY, LLC, JEFFREY MILLER, MD PA, AND JEFFREY MILLER ("Third-Party Plaintiffs"), pursuant to Fed. R. Civ. P. 14, and sues CYNOSURE, INC., a Delaware Corporation, HOLOGIC, INC., a Delaware Corporation, and MARISSA HILL and states as follows:

## FACTUAL ALLEGATIONS

1. On or before February 21, 2020, the parties were engaged in negotiations by which third-party plaintiff would purchase, and the third party defendants agreed to sell the equipment referenced in the Complaint.

2. Third-Party Defendants, at such time, made material representations with the intention to induce the Third-Party Plaintiffs to contract and purchase said equipment.

3. Upon information and belief, CYNOSURE INC. is a Delaware corporation that regularly conducts business within the middle district of Florida.

4. Upon information and belief, HOLOGIC, INC., is a Delaware Corporation that regularly conducts business within the middle district of Florida.

5. Upon information and belief, Marissa Hill is an individual that egularly conducts business within the middle district of Florida.

6. Venue is proper as a substantial part of the events and omissions giving rise to the instant complaint occurred in this District.

7. Jurisdiction is also proper as the parties citizenship is diverse in nature and the claim exceeds $75,000.00.

## COUNT I - FRAUD IN THE INDUCEMENT

8. Third-Party Plaintiff alleges and asserts allegations 1-7 as if fully stated herein.

9. During the negotiations between the parties, as entered into by the Third-Party Plaintiff and agreed to by the Third-Party Defendants, the Third-Party Plaintiff was told clearly that 30 referrals a month would be given after execution of the purchase contract and that the medical staff would be trained on how to use the equipment.

10. This representation was made with the explicit intention to have Third-Party Defendants execute the agreements with Plaintiff herein.

11. Said documents did not properly reflect the terms of the agreement despite repeated representations that Third-Party Defendants would deliver on those terms.

12. Third-Party Plaintiffs relied on these representations and executed the lease that is the subject of the above-styled cause with the Plaintiff named herein. Despite this reliance, the

Third-Party Defendants have never delivered on the two primary representations made prior to contract; namely, the referrals or training.

13. Subject to further discovery, the Third-Party Defendants knew that there was no express intent to deliver on these representations. To that end, the falsity was apparent to them.

14. These representations were made so that the the Third-Party Plaintiff's would rely on same and execute the necessary agreements.

15. Given these representations, the Third-Party Plaintiffs were clearly damaged. This includes lost business and actual damages.

WHEREFORE, Third-Party Plaintiffs request judgment in their favor, for actual damages, for attorney's fees and court costs, and for any and all other relief this court deems just and proper.

## REQUEST FOR JURY TRIAL

Third-Party Plaintiffs request a jury trial on all issues so triable.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served, on October 19, 2020, via e-mail, to:

MATTHEW G. KRAUSE, ESQ.
ATTORNEY FOR PLAINTIFF
MKRAUSE@INSURANCEDEFENSE.NET

Respectfully submitted,

OWEN & DUNIVAN, PLLC
Attorneys for Defendant(s).
615 W. De Leon St.
Tampa, FL 33606
Phone: 813.502.6768
Email: bdunivan@owendunivan.com
eservice@owendunivan.com

By: _____
Bryant H. Dunivan Jr., Esq.
Fla. Bar No.: 102594