UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEASEPOINT FUNDING GROUP, LLC

    Plaintiff,

Case No. 8:20-CV-2038TGW

v.

OSTEOPOROSIS & RHEUMATOLOGY
CENTER OF TAMPA BAY, LLC, JEFFREY
MILLER, MD PA, AND JEFFREY MILLER,

    Defendants.
_____/

OSTEOPOROSIS & RHEUMATOLOGY
CENTER OF TAMPA BAY, LLC, JEFFREY
MILLER, MD PA, AND JEFFREY MILLER

    Third-Party Plaintiff

v.

CYNOSURE, INC., a Delaware Corporation,
HOLOGIC, INC., a Delaware Corporation,
and MARISSA HILL.

    Third-Party Defendants
_____/

## AMENDED THIRD-PARTY COMPLAINT

Third-Party Plaintiffs, OSTEOPOROSIS & RHEUMATOLOGY CENTER OF TAMPA BAY, LLC, JEFFREY MILLER, MD PA, AND JEFFREY MILLER ("Third-Party Plaintiffs"), under Fed. R. Civ. P. 14, and sues CYNOSURE, INC., a Delaware Corporation, and HOLOGIC, INC., a Delaware Corporation and states as follows:

## FACTUAL ALLEGATIONS

1. On or after December 1, 2019, but before February 21, 2020, the parties were engaged in negotiations by which third-party plaintiff would purchase, and the third party defendants agreed to sell the equipment referenced in the initial Complaint.

2. These negotiations occurred before COVID-19 became a recognized pandemic in the United States.

3. Third-Party Defendants, at such times, made material representations to induce the Third-Party Plaintiffs to contract and purchase said equipment through their employees, including Marissa Hill and Kris Houston.

4. Upon information and belief, CYNOSURE INC. is a Delaware corporation that regularly conducts business within the middle district of Florida.

5. Upon information and belief, HOLOGIC, INC., is a Delaware Corporation that regularly conducts business within the middle district of Florida.

6. Upon information and belief, Marissa Hill is an individual that regularly conducts business within the middle district of Florida.

7. Venue is proper as a substantial part of the events and omissions giving rise to the instant complaint occurred in this District.

8. Jurisdiction is also proper as the parties citizenship is diverse and the claim exceeds $75,000.00.

## COUNT I - FRAUD IN THE INDUCEMENT

9. Third-Party Plaintiff alleges and asserts allegations 1 - 8 as if fully stated herein.

10. During the negotiations between the parties, as entered into by the Third-Party Plaintiff and agreed to by the Third-Party Defendants, the Third-Party Plaintiff was told clearly that 30 referrals a month would be given after execution of the purchase contract and that the medical staff would be trained on how to use the equipment.

11. Additionally, it was explained that while the referrals were being obtained, there would be a delay in billing under the sales agreement until the equipment became profitable for the practice.

12. After these initial agreements, the Third-Party Defendants required a written financing agreement with Plaintiff in the instant case - Leasepoint Funding - for this transaction.

13. Despite the representation of a payment hold, the Third-Party Defendants had withdrawn or caused to be withdrawn, payments amounting to $5,000.00.

14. Further, Training was to be provided to the Third-Party Plaintiffs, and marketing support was to occur.

15. This representation was made with the explicit intention to have Third-Party Defendants execute the agreements with Third-Party Plaintiffs herein. They were made in December of 2019, by Kris Houston, an employee of Hologic and Cynosure.

16. As late as May 13, 2020, the same Kris Houston was using a Hologic email address for correspondence with the Third-Party Plaintiff.

17. Said documents did not properly reflect the terms of the agreement despite repeated representations that Third-Party Defendants would deliver on those terms.

18. Third-Party Plaintiffs relied on these representations and executed the financing agreement that is the subject of the above-styled cause with the Plaintiff named therein (Leasepoint). Despite this reliance, the Third-Party Defendants have never delivered on the primary representations made before the contract; namely, the referrals, training, and payment deferment.

19. Subject to further discovery, the Third-Party Defendants knew that there was no express intent to deliver on these representations, and these representations were made with the express purpose to lull the Third-Party Plaintiff into signing a sales agreement and financing agreement with an affiliated entity. To that end, the falsity was apparent to them.

20. These representations were made so that the Third-Party Plaintiffs would rely on same and execute the necessary agreements (some of which were not disclosed during the transaction). Based on these representations the Third-Party Plaintiff reasonably relied on these representations, despite the subsequent "bait-and-switch" to a separate financing company.

21. Given these representations, the Third-Party Plaintiffs were damaged. This includes lost business and actual damages (including lost wages, lost sale opportunities for realty, etc.)

WHEREFORE, Third-Party Plaintiffs request a judgment in their favor, for actual damages, for attorney's fees and court costs, and for any and all other relief this court deems just and proper.

## REQUEST FOR JURY TRIAL

Third-Party Plaintiffs request a jury trial on all issues so triable.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served, on February 1, 2021, via CM/ECF.

Respectfully submitted,

OWEN & DUNIVAN, PLLC
Attorneys for Defendant(s).
615 W. De Leon St.
Tampa, FL 33606
Phone: 813.502.6768
Email: bdunivan@owendunivan.com
       eservice@owendunivan.com

By:   /s/ Bryant H. Dunivan Jr.
       Bryant H. Dunivan Jr., Esq.
       Fla. Bar No.: 102594